UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAYAM DELGOSHA,

Plaintiff,

v.

MULLIN, et al.,

Defendants.

Case No. 26-cv-00287-TSH

**ORDER TO SHOW CAUSE RE: MOOTNESS**

On January 9, 2026, Plaintiff Payam Delgosha filed this action against the Secretary of Homeland Security, the Attorney General, the Director of U.S. Citizenship and Immigration Services (USCIS), and the Director of the Federal Bureau of Investigation, alleging Defendants violated the Administrative Procedure Act (APA) and the Mandamus Act by failing to adjudicate the Form N-400, Application for Naturalization, he filed on September 16, 2024. Compl., ECF No. 1. He asks the Court to compel Defendants to adjudicate the application, to declare that their failure to do so within a reasonable time violates the APA, to enjoin further delay, and to declare unlawful and set aside, as applied to him, any agency policy or memorandum "relied upon to justify Defendants' continued failure to adjudicate" the application. *Id.* at 11. On June 18, 2026, the Court denied Defendants' motion to dismiss. ECF No. 19.

On July 9, 2026, the parties reported that USCIS had scheduled Delgosha's naturalization interview for August 18, 2026, and they asked the Court to stay the case so that the agency could conduct the interview and complete the adjudication. ECF No. 22. The Court granted that request, directing the parties to file a status report by September 8, 2026. ECF No. 23. In their September 8 status report, the parties indicated Delgosha's interview was conducted as previously scheduled on August 18, and that on August 27 USCIS sent him a Request for Evidence. ECF No.

United States District Court
Northern District of California

24. To provide time for the agency to review Delgosha's response, the parties requested they be permitted to submit a further status report in 60 days. The Court granted their request and directed a further status report by November 9, 2026. ECF No. 25.

On November 9, 2026, Defendants filed a status report stating that USCIS denied Delgosha's Form N-400 on November 6, 2026. ECF No. 26. Defendants filed the report unilaterally, stating their counsel tried to reach Delgosha's counsel on November 6 and November 9 and received no response. Defendants contend this case is now moot.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (cleaned up). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). "In general, when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot." *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1173 (9th Cir. 2009) (citation omitted). "If there is no longer a possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999). At the same time, "[t]he party alleging mootness bears a 'heavy burden' in seeking dismissal." *Rosemere*, 581 F.3d at 1173 (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).

Both of Delgosha's claims seek to compel Defendants to adjudicate his Form N-400. Compl. ¶¶ 20–36. His request to set aside agency policy is likewise directed at any policy relied on to justify the "continued failure to adjudicate" that application. *Id.* at 11. If USCIS has now decided the application, it appears that Delgosha has received the relief his complaint seeks and

that the Court can grant no further effective relief in this action. *See Rosemere*, 581 F.3d at 1173; *Allen v. Garland*, 2023 WL 2457407, at *5 (N.D. Cal. Mar. 10, 2023) (dismissing as moot an action to compel adjudication of naturalization applications after USCIS denied them).

Accordingly, the Court **ORDERS** as follows:

1. By November 17, 2026, Defendants shall file a declaration from a person with knowledge establishing that USCIS has issued a decision on Delgosha's Form N-400 and the date of that decision.

2. Delgosha is **ORDERED TO SHOW CAUSE** why this case should not be dismissed as moot. By November 24, 2026, Delgosha shall file either (a) a written response to this Order or (b) a notice of dismissal under Federal Rule of Civil Procedure 41(a). A written response shall state whether Delgosha disputes that USCIS has adjudicated his Form N-400. If Delgosha contends that any claim or request for relief in the complaint remains live, or that an exception to mootness applies, the response shall identify the claim or request, the relief the Court could still grant, and the supporting authority.

3. Defendants may file a reply by December 1, 2026.

If Delgosha does not respond by the deadline above, the Court will decide whether this case is moot on Defendants' showing alone, and the case may be dismissed without prejudice for lack of subject matter jurisdiction. The Court expresses no view on the merits of USCIS's decision, which is not before the Court in this action. An applicant whose naturalization application is denied may request a hearing before an immigration officer. 8 U.S.C. § 1447(a); 8 C.F.R. § 336.2(a). If the application is denied after that hearing, the applicant may seek de novo review in district court. 8 U.S.C. § 1421(c). Nothing in this Order extends or otherwise affects any deadline that applies to that process.

**IT IS SO ORDERED.**

Dated: November 10, 2026

THOMAS S. HIXSON
United States Magistrate Judge